NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Trenell COLEMAN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 09-6330

OPINION & ORDER

THOMPSON, U.S.D.J.

### INTRODUCTION

This matter comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [docket # 1]. The Court has decided the motion upon the written submissions of the parties, having determined that a hearing is unnecessary. For the reasons given below, the motion is denied.

### BACKGROUND

On September 12, 2002, Petitioner and several others were charged in a seven-count indictment with various crimes related to multiple bank robberies. They were convicted at trial on April 10, 2003. Petitioner was convicted on all five counts under which he was charged: conspiracy to commit bank robbery (Count 1), use of a firearm in connection with a crime of violence charged in Count 1 (Count 2), attempted bank robbery (Count 3), use of a firearm in connection with a crime of violence charged in Count 3 (Count 4), and felon in possession of a firearm (Count 6).[1]

---

[1] Counts five and seven charged the other two defendants in the case with felon in possession.

1

Sentencing took place on October 24, 2003. 18 U.S.C. § 924(c) imposes a variety of mandatory minimum sentences for use of firearms in connection with drug offenses and crimes of violence. At his sentencing, Petitioner argued that the Court should not treat the conspiracy charged in Count 2 and the bank robbery charged in Count 4 as separate offenses for purposes of § 924(c) and that as a result he should get only one consecutive sentence, not two. The Court rejected this argument. Pursuant to 18 U.S.C. § 924(c), the Court imposed a seven-year mandatory sentence under Count 2 and a twenty-five year mandatory sentence under Count 4, which by law had to run consecutive to each other and to Petitioners' sentence on the other counts. Based on these consecutive sentences and a sentence on the other counts calculated under the Sentencing Guidelines, the Court sentenced Petitioner to a term of 572 months imprisonment.

Petitioner appealed, raising evidentiary issues from trial, calculation issues under the Guidelines, and the proper application of § 924(c). In the intervening period of time between Petitioner's sentencing and the Third Circuit's decision on appeal, the United States Supreme Court handed down *Booker v. United States*, which rendered the Sentencing Guidelines advisory. The Third Circuit reacted by remanding Petitioner's case for resentencing in this Court under *Booker*. In its order of remand, the Third Circuit explicitly affirmed the verdict and the Court's imposition of two consecutive sentences under §924(c), but the Court declined to rule on Petitioner's guidelines arguments since it had sent the case back down for resentencing under the Guidelines post-*Booker*.

On resentencing, a disagreement arose between Petitioner and his attorney. Petitioner's attorney argued that the Court should not sentence Petitioner to anything beyond the 32 year mandatory minimum dictated by the two consecutive counts. Petitioner himself submitted a further brief, not argued by his attorney. While the brief is not entirely clear, it appears to argue

that the Third Circuit's failure to give more than conclusory attention to his § 924(c) arguments was a violation of due process. The Court ultimately resentenced Petitioner to a term of 444 months' imprisonment on June 25, 2008, a substantial variance from the guidelines.

Petitioner again appealed. The conflict between Petitioner and his attorney persisted on appeal. His attorney filed a motion under *Anders v. California* asserting that there were no non-frivolous issues for appeal and that he wished to withdraw as counsel. Petitioner filed a brief pro se opposing the *Anders* motion. The Third Circuit criticized the attorney's *Anders* brief as deficient, but it ultimately affirmed this Court, finding Petitioner's appeal frivolous.

Petitioner has now filed a motion under 28 U.S.C. § 2255 seeking to vacate or correct his sentence. He raises four arguments, each of them to the effect that he received ineffective assistance of counsel in violation of the sixth amendment: (1) His attorney failed to challenge the application of § 924(c) during the initial sentencing, (2) his attorney failed to argue Petitioner's own pro se motion at resentencing, (3) his attorney failed to call and interview certain witnesses willing to testify on behalf of Petitioner, and (4) his attorney failed to research the law in regards to § 924(c). The Court has received and considered both Plaintiff's moving papers and the government's answer. Plaintiff has requested multiple extensions to file a reply, stating that conditions at his prison have made preparation of a reply impossible. The Court has concluded that it is able to fully comprehend Plaintiff's position based on his original moving papers, and therefore that a further extension of time to reply is unnecessary.

## ANALYSIS

A petitioner alleging ineffective assistance of counsel must show two things: (1) that his attorney's performance was constitutionally deficient, and (2) this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is constitutionally deficient if it was not "reasonable considering all the

circumstances." *Id.* at 688.  A judge's scrutiny of an attorney's performance is "highly deferential" and the reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.  "Prejudice" in this context requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The first, second, and fourth of Petitioner's claims fail because Petitioner cannot show prejudice.  All three of those claims basically argue that Petitioner's attorney should have done a better job arguing that the application of § 924(c) should not have resulted in a 32-year consecutive sentence.  However, the Third Circuit has now affirmed the imposition of that sentence on two separate occasions.  Therefore, it is the settled law of the case that Petitioner was properly given a 32-year consecutive sentence.

Petitioner's third claim—that his attorney failed to call and interview certain favorable witnesses—should fail because that claim is vague and conclusory.  Motions made under § 2255 must allege sufficient factual detail to ground their claim.  *See, e.g., United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988) (holding that a claim of "manufactured evidence" without any elaboration was insufficient to create a genuine issue for review under § 2255).  In *Zettlemoyer v. Fulcomer*, the Third Circuit expressly rejected a petition brought under 28 U.S.C. § 2254 that was based, in part, on a vague allegation that the petitioner's attorney had failed to call favorable witnesses.  923 F.2d 284, 298 (1991).  As the court explained,

> Zettlemoyer cannot meet his burden to show that counsel made errors so serious that his representation fell below an objective standard of reasonableness based on vague and conclusory allegations that some unspecified and speculative testimony might have established his defense. Rather, he must set forth *facts* to support his contention.

4

*Id.* (emphasis added).  In this case, Petitioner has simply alleged, "Counselor John M. Holloway was inaffective [*sic*] when he failed to call and interview certain witnesses that were willing to testify on behalf of movant's innocence."  This allegation does not give any grounds for believing that the attorney's failure to call witnesses was either unreasonable or prejudicial to Petitioner's defense.  Since Petitioner has not stated any facts that support his claim that his attorney should have called additional witnesses, he has not made the showing required to avoid summary dismissal.

No certificate of appealability will issue under 28 U.S.C. § 2253(c)(2), insofar as petitioner has failed to make a substantial showing of the denial of some constitutional right over which this Court would have jurisdiction.

## CONCLUSION

For the foregoing reasons, IT IS, this 23rd day of August, 2010,

ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [docket # 1] is DENIED; and it is further

ORDERED that no certificate of appealability shall issue; and it is further

ORDERED that this case is CLOSED.

　　　　　　　　　　　　　　　　　　　　*/s/  Anne E. Thompson*
　　　　　　　　　　　　　　　　　　　　ANNE E. THOMPSON, U.S.D.J.