<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Trenell COLEMAN, | |
|     Petitioner, | |
| v. | Civ. No. 09-6330 |
| UNITED STATES OF AMERICA, | OPINION & ORDER |
|     Respondent. | |

<u>THOMPSON, U.S.D.J.</u>

<u>INTRODUCTION</u>

This matter comes before the Court upon Petitioner's Motion for Reconsideration [docket # 14]. The Court has considered the parties' submissions and concluded that the motion should be denied.

<u>BACKGROUND</u>

On April 10, 2003, after trial by jury, Petitioner was convicted on five counts: conspiracy to commit bank robbery, use of a firearm in connection with the conspiracy, attempted bank robbery, use of a firearm in connection with the attempted bank robbery, and felon in possession of a firearm. Petitioner was sentenced to a term of 572 months' imprisonment, a result the Court reached by imposing consecutive sentences for two of the counts pursuant to 18 U.S.C. § 924(c) and by applying the Sentencing Guidelines.

On appeal, the Third Circuit Court of Appeals affirmed the verdict and the Court's imposition of two consecutive sentences under §924(c), but remanded the case for resentencing in accordance with *Booker v. United States*, which rendered the Sentencing Guidelines advisory. This Court resentenced Petitioner to a term of 444 months' imprisonment on June 25, 2008, a

substantial variance from the guidelines.  Petitioner again appealed, and the Court of Appeals affirmed this Court, finding Petitioner's appeal frivolous.

Petitioner then filed a motion under 28 U.S.C. § 2255 seeking to vacate or correct his sentence.  He raised several arguments, each to the effect that he received ineffective assistance of counsel in violation of the sixth amendment.  Three of the arguments essentially claimed that Petitioner's attorney should have done a better job arguing that the application of § 924(c) should not have resulted in a 32-year consecutive sentence.  We rejected those arguments because the Court of Appeals specifically affirmed our imposition of consecutive sentences, and thus, Petitioner could not show "prejudice" as required by *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  (Opinion 4, Aug. 25, 2010) [12].  Petitioner's other claim—that his attorney failed to call and interview certain favorable witnesses—was rejected as vague and conclusory.  (*Id.* (citing *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).)  Accordingly, this Court denied Petitioner's motion and, *sua sponte*, denied a certificate of appealability.

Petitioner now moves for reconsideration of that order.  He argues that the Court erred by (1) considering Petitioner's § 924(c) statutory interpretation arguments foreclosed, (2) denying Petitioner's "statutory right to a reply under § 2255 Rule 5(d)," and (3) denying a certificate of appealability *sua sponte*.

## ANALYSIS

### A. Legal Standard

A motion for reconsideration may be brought on three grounds: (1) an intervening change in controlling law, (2) evidence not previously available, or (3) to correct a clear error of law or prevent manifest injustice.  *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).  Reconsideration is an extraordinary remedy that is to be granted "very sparingly." *Interfaith Cmty. Org. v. Honeywell Intern., Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002).  A

motion for reconsideration is not a vehicle for raising new matters or arguments that could have been raised before the original decision was made, *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001), nor is it an opportunity to ask a court to rethink what it has already thought through.  *Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Reconsideration based on a clear error of law may be granted only if there is a dispositive factual or legal matter that was presented but not considered, which would have reasonably resulted in a different conclusion by the court.  *Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010).

    **B. Application**

    Petitioner first alleges that this Court was wrong to rely on the Court of Appeals' affirmance of his sentence because his statutory challenge to the imposition of consecutive sentences under § 924(c) was not "squarely addressed" on direct appeal.  (Mot. for Reconsid. 2-3) [14].  However, Petitioner presented his statutory arguments twice on appeal, and the Court of Appeals rejected them both times.  *See United States v. Goggans*, 257 F. App'x 515, 518 (3d Cir. 2007) (addressing Petitioner's appeal of his original sentence); *United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009) (addressing Petitioner's appeal of his re-sentence).  The Court of Appeals was not required to explain in detail why it rejected his arguments.  *See Rita v. United States*, 551 U.S. 338, 356 (2007) ("Sometimes a judicial opinion responds to every argument; sometimes it does not; sometimes a judge simply writes 'granted,' or denied' . . . .").  Thus, we find that Petitioner's challenge to his consecutive sentences under § 924(c) was squarely addressed on appeal, and it was not error for us to rely on the Court of Appeals' affirmance of his sentence.

    Petitioner's second contention is that we denied him his "statutory right to a reply under § 2255 Rule 5(d)" when we granted him the opportunity to reply but then ruled before he could

3

submit his reply. (Mot. for Reconsid. 4-5) [14]. Rule 5(d), which Petitioner claims as the basis for his right, states that "[t]he moving party may submit a reply . . . ." See Rules Governing § 2255 Proceedings for the United States District Courts, Rule 5(d). However, "[n]o court has held that Rule 5(d) entitles a petitioner to submit a reply under all circumstances." *United States v. Crittenton*, 2008 WL 343106, at *2 (E.D. Pa. Feb. 7, 2008). We join those courts in concluding that a petitioner does not have a right to submit a reply. In this case, the Court determined that it could address Petitioner's motion properly even without the benefit of a reply brief, and Petitioner was not harmed as a result.

Finally, Petitioner contends that we should not have denied him a certificate of appealability *sua sponte*. (Mot. for Reconsid. 5) [14]. Rule 11 of the Rules Governing § 2255 Proceedings permits a district court to solicit arguments on the appealability issue before entering a final order, but it does not require the court to do so. *See United States v. Outen*, 286 F.3d 622, 629 (2d Cir. 2002) (noting that district court denied certificate of appealability *sua sponte*). Here, the Court did not find additional briefing necessary and therefore denied the certificate of appealability when it denied Petitioner's motion to vacate or correct his sentence. This was not error.

## CONCLUSION

For the foregoing reasons, IT IS on this 18th day of January, 2011,

ORDERED that Petitioner's Motion for Reconsideration [docket # 14] is DENIED; and it is further

ORDERED that this case is CLOSED.

                                                    */s/ Anne E. Thompson*
                                                    ANNE E. THOMPSON, U.S.D.J.