IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRENELL COLEMAN,<br><br>      Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | HONORABLE ANNE E. THOMPSON<br><br>Civil Action<br>No. 09-6330 (AET)<br><br>**OPINION** |

APPEARANCES:

Trenell Coleman, Petitioner Pro Se
12828050
Jesup FCI
Inmate Mail/Parcels
2600 Highway 301 South
Jesup, GA 31599

**THOMPSON, District Judge:**

    Before the Court is Petitioner Trenell J. Coleman's motion for release due to lack of in personam jurisdiction. Motion, Docket Entry 21.

    1.   On September 12, 2002, Petitioner and several others were charged in a seven-count indictment with various crimes related to multiple bank robberies. They were convicted at trial on April 10, 2003. *United States v. Coleman*, 3:02-CR-00320 (D.N.J.).

    2.   The Court sentenced Petitioner to a term of 572 months imprisonment on October 24, 2003.

3. Petitioner appealed. The Third Circuit affirmed the convictions but remanded for resentencing in light of *Booker*,[1] which had been decided in the period of time between sentencing and the Third Circuit's decision.

4. The Court ultimately resentenced Petitioner to a term of 444 months' imprisonment on June 25, 2008.

5. Petitioner filed another appeal, and his trial counsel filed an *Anders*[2] brief and request to withdraw. The Third Circuit affirmed the sentence and found the appeal to be frivolous. *United States v. Coleman*, 575 F.3d 316 (3d Cir. 2009).

6. Petitioner filed a motion under 28 U.S.C. § 2255 on December 16, 2009 raising various ineffective assistance of counsel claims. This Court denied the motion, *Coleman v. United States*, No. 09-6330, 2010 WL 3359485 (D.N.J. Aug. 25, 2010), and the Third Circuit denied a certificate of appealability, No. 11-1756 (3d Cir. June 15, 2011).

7. Six years later, Petitioner filed the instant motion for release arguing the Court lacks jurisdiction over him.

8. On June 19, 2017, Petitioner submitted a money order for $5.00 to the Clerk of the Court. Exhibit A. He wrote on the money order: "Final payment is tendered for discharge of all attachments, costs, and executions included in the judgement for

---

[1] *United States v. Booker*, 543 U.S. 220 (2005).
[2] *Anders v. California*, 386 U.S. 738 (1967).

2

full satisfaction of judgement #CR01-320-03. Indoresed for accommodation. UCC 3-415." *Id.* The Clerk accepted the $5 and applied it towards the ordered restitution in Petitioner's criminal case.

9. Petitioner argues that he satisfied his criminal judgment in full when the Clerk accepted the $5.00, and he must be released under the doctrine of accord and satisfaction. Motion ¶¶ 13-15.

10. "The UCC governs commercial transactions and cannot be used to upset criminal convictions, even collaterally." *Amerson v. United States*, 550 F. App'x 603, 604 (10th Cir. 2013). *See also White v. United States*, No. 16-4243, 2016 WL 4491840, at *1 & n.12 (E.D. Pa. Aug. 25, 2016) (citing cases); *United States v. Mitchell*, 405 F. Supp. 2d 602, 604 (D. Md. 2005) ("[T]he U.C.C. has no bearing on criminal subject matter jurisdiction."). Petitioner has reduced the amount he owes in restitution by $5, nothing more.

11. Petitioner's motion for release is denied as frivolous as it is "based on an indisputably meritless legal theory[.]" *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

12. An appropriate order follows.

9/8/2017
Date

*Anne E. Thompson*
ANNE E. THOMPSON
U.S. District Judge